**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Civil Action No.  8:20-cv-03030

JACOB R. NIEVES, individually, and on
behalf of all others similarly situated,
    Plaintiff,
v.

NATIONWIDE RECOVERY SYSTEMS, LTD.,
    Defendant.
_____/

## CLASS ACTION COMPLAINT

**NOW COMES**, JACOB R. NIEVES ("Plaintiff"), individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of NATIONWIDE RECOVERY SYSTEMS, LTD., as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. JACOB R. NIEVES ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Lakeland, Florida.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

10. NATIONWIDE RECOVERY SYSTEMS, LTD. ("Defendant") is a corporation organized and existing under the laws of Texas.

11. Defendant is a nationally recognized debt collection agency that collects debts owed to third parties.

12. Defendant maintains its principal place of business in Tyler, Texas.

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

15. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2987.

17. At all times relevant, Plaintiff's number ending in 2987 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

18. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

19. In 2016, Plaintiff received medical services at a local hospital.

20. Due to financial difficulty, Plaintiff was unable to pay for the medical services ("subject debt").

21. At some point in time, the subject debt was placed with Defendant for collection.

22. In the fall of 2020, Plaintiff started receiving collection calls from Defendant in an attempt to collect the subject debt.

23. On multiple occasions, Plaintiff answered Defendant's collection calls.

24. During one of the answered calls, Plaintiff advised Defendant that he was unemployed due to a back injury and the ongoing Covid-19 pandemic.

25. Unsympathetic to Plaintiff's circumstances, Defendant continued its efforts to collect the subject debt through collection calls to Plaintiff's cellular phone.

26. Each time Plaintiff answered a call from Defendant, the alleged balance of the subject debt changed.

27. For example, in one telephone call, Defendant would represent to Plaintiff that the balance of the subject debt was $100, and on a different call Defendant would represent to Plaintiff that the alleged balance was $800.

28. Frustrated with the incessant collection calls and Defendant's varying representations regarding the balance of the subject debt, Plaintiff requested that Defendant stop calling him.

29. Despite Plaintiff's request that the collection calls cease, Defendant continued its collection calls, including calls from the phone number (610) 628-3498.

30. In most of the answered calls, Plaintiff was greeted by an automated prerecorded message stating: "Please press 1 to speak with an agent."

31. In the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemails on Plaintiff's cellular telephone.

32. From the fall of 2020 through the present, Defendant placed no less than forty (40) prerecorded collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

33. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

34. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

35. Due to Defendant's refusal to honor Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

36. Paragraphs 16 through 34 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

38. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Nationwide have been fully and finally adjudicated and/or released.

**A.    Numerosity**

39. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

40. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

41. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

42. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.    Commonality and Predominance**

43. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

5

44. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

45. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

46. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

47. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

48. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

49. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

50. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

51. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

52. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

53. Paragraphs 16 through 34 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

54. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

55. Defendant placed or caused to be placed no less than forty (40) non-emergency calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

56. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

57. Defendant did not have consent to place calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

58. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

59. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

60. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c. an order enjoining Defendant from placing further violating calls to consumers;

d. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

e. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

f. an award of such other relief as this Court deems just and proper.

## COUNT II:
## Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)
## (Plaintiff individually)

61. Paragraphs 16 through 34 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of FDCPA § 1692c**

62. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

63. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

8

64. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

65. Defendant violated § 1692c(a)(1) by placing at least 40 collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

66. In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

b. **Violations of FDCPA § 1692d**

67. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

68. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

69. Defendant violated §§ 1692d and d(5) by placing at least 40 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to cease the unwanted calls.

70. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

71. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone.

72. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

c. **Violations of FDCPA § 1692e**

73. Pursuant to § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e

74. Pursuant to §1692e(2) of the FDCPA, a debt collector is prohibited from making false representations regarding the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)

75. Defendant violated §§ 1692e and e(2) of the FDCPA by falsely representing the balance of the subject debt during phone calls with Plaintiff.

76. As set forth above, Defendant's representations regarding the balance of the subject debt varied significantly from one day to another.

77. Accordingly, by providing varying balances to Plaintiff, Defendant misrepresented the amount of the subject debt, thus rendering it impossible for Plaintiff determine the actual balance of the subject debt.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c.    Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d.    Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III:
### Violations of the Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq.*)
### (Plaintiff individually)

78.    Paragraphs 16 through 34 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

79.    Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

80.    Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after Plaintiff requested that the calls cease.

81.    Defendant's incessant collection calls were placed with the intent to harass Plaintiff and pressure Plaintiff into making payment on the subject debt.

82.    Plaintiff was harassed and abused by Defendant's incessant collection calls.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

    a.    a finding that Defendant violated Fla. Stat. § 559.72(7);

    b.    an award of actual damages sustained by Plaintiff as a result of Defendant's violations;

    c.    an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

    d.    an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

    e.    an award of such other relief as this Court deems just and proper,

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: December 21, 2020

Respectfully submitted,

**JACOB R. NIEVES**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com